# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LLOYD HENRY PHILLIPS** | : | **DOCKET NO. 2:05-cv-926**<br>Section P |
| **VS.** | : | **JUDGE MINALDI** |
| **GLOBAL EXPERTISE IN OUTSOURCING, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## O R D E R

Currently before the court are two motions for production of medical records filed by *pro se* plaintiff, Lloyd Henry Phillips. By these motions, plaintiff seeks to have the court order the Huey P. Long Hospital in Pineville, Louisiana [doc. 9] and the Medical Department at Allen Correctional Center [doc. 10] to provide him with a full and complete copy of his entire medical file. In support of this motion, the plaintiff merely states that these records are needed "in order that the plaintiff may address the court proper." He does not state whether he has made any attempts on his own behalf to request his medical records from this entities.

Initially the court notes that the plaintiff's civil rights complaint has been referred to the Pro Se Staff Attorney for initial review pursuant to 28 U.S.C. § 1915 and/or § 1915A. During this initial screening process, the court reviews the complaint to identify any cognizable claims and to dismiss those which cannot proceed because of a procedural bar or because they are frivolous, malicious, or fail to state a claim upon which relief can be granted. The court must accept all of the plaintiff's allegations as true during this stage of the proceeding. This includes the plaintiff's factual allegations concerning any physical injuries that he claims to have received. Thus, it is not necessary

for the court to review the plaintiff's medical records at this time. If further information regarding the nature of plaintiff's physical injury is needed, the court will so inform the plaintiff and give him an opportunity to amend his complaint.

Additionally, the court notes that it is unclear whether the plaintiff has made a request for his own medical records. Although the plaintiff has no constitutional right to free copies of his medical records, he is entitled to his own medical records without a court order. He may obtain these records by either filing a request with the appropriate health care provider(s) or by filing a discovery request with the defendant after service of process. In the event that the plaintiff does not have the funds to pay for copies of his records, he can request an opportunity to review his medical records and from these records he can obtain a chronology of his medical problems and treatment which he can provide to the court if necessary. Plaintiff is required to make an effort on his own behalf before seeking the assistance of the court in this matter.

For these reasons,

IT IS ORDERED that the motion for medical records [docs. 9 & 10] be DENIED at the current time.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of January, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE