# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| LLOYD HENRY PHILLIPS | : | DOCKET NO. 05-cv-926 SECTION P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| GLOBAL EXPERTISE IN OUTSOURCING, ET AL | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* by *pro se* plaintiff, Lloyd Phillips, pursuant to 42 U.S.C. §1983. Plaintiff is currently incarcerated in Allen Correctional Center (ACC) in Kinder, Louisiana, and names the following as defendants in this matter: ACC Captain Chris Wharton; Global Expertise in Outsourcing, and the Louisiana Department of Public Safety & Corrections.

In accordance with the standing order of this court, this matter has been referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF THE CLAIM

Plaintiff alleges that defendant Chris Wharton violated his constitutional rights by ordering him to move a footlocker from his bed to the floor despite plaintiff's medical restriction prohibiting him from lifting more than twenty-five pounds. [Doc. #8, p. 2, copy of duty status]. This incident occurred on May 26, 2004, and the record indicates that plaintiff completed a request for medical treatment on the same day. [Doc.#1-4, p. 5]. It appears that plaintiff was treated for neck and back pain by an ACC physician on June 2, 2004, with a diagnosis of muscle strain. [Doc. #1-4, p. 2]. Approximately a month thereafter, plaintiff states that he was treated at H.P. Long Hospital, and was

diagnosed with a herniated disk in his neck caused from the May 26, 2004, footlocker incident. [Doc. #1-4, p. 1]. Plaintiff filed a timely grievance concerning this matter[1], which was denied at the second step level. The denial was based upon a lack of documentation substantiating that plaintiff injured his back on the date in question. The response states that plaintiff did not complain of back pain until a week after the incident in question. As a result of the above, plaintiff, seeks damages of one million dollars.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been credited with payment of the filing fee in this suit, and thus is not proceeding *in forma pauperis*.[2] However, because Plaintiff is a prisoner who has filed an action seeking redress from a governmental entity or officer or employee of a governmental entity, his complaint is still subject to and must be reviewed under the court-screening requirements of the Prison Litigation Reform Act ("PLRA") codified at 28 U.S.C. § 1915A(a) and (b). Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley*

---

[1] The court notes that on January 3, 2006, plaintiff filed copies of several documents with the court [Doc. #8], including a copy of a letter that he wrote to the FBI. Among other things, the letter contained information on an October 6, 2005 incident in which plaintiff claims that defendant Wharton ordered him to sleep on a top bunk in violation of plaintiff's lower bunk restriction. Plaintiff states that he fell from the top bunk, causing injury to his head and back. Plaintiff also claims that defendant Wharton has, in various ways, retaliated against him for filing this suit. Plaintiff is hereby advised that providing the court with this letter does not put those issues before the court. To the extent that plaintiff wishes to pursue any of those allegations in court, he must first exhaust same.

[2] *In forma pauperis* status was afforded plaintiff by an order of this court dated June 9, 2005 [Doc. #3]. However, the *in forma pauperis* order was rescinded and vacated by this court on October 31, 2005, as plaintiff had sustained three dismissals qualifying under the "three strikes" provision of 28 U.S.C. §1915(g).

*v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendant, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

**II. 42 U.S.C. § 1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is

3

whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### *Respondeat Superior* Liability

Plaintiff names Global Expertise in Outsourcing as a defendant herein. To the extent that plaintiff names this party in a supervisory capacity, that claim is not cognizable. It is well settled that a defendant cannot be held liable under §1983 under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, the defendant must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Here, plaintiff fails to set forth a constitutional claim against this party. There are no allegations that it was implicated in any alleged constitutional deprivation or that it implemented any policy which acts as a constitutional deprivation. Accordingly, plaintiff's claims against Global Expertise in Outsourcing should be dismissed for failure to state a claim upon which relief may be granted, and this defendant should be dismissed with prejudice from this lawsuit. See *Sena v. Wackenhut Corporation,* 246 F.3d 682 (Table), 2001 WL 98563 (10th Cir. 2001).

4

**Immunity**

Plaintiff names the Louisiana Department of Corrections as a defendant herein. However, the Eleventh Amendment bars his suit against this entity. More specifically, the Eleventh Amendment bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. See, *Vogt v. Board of Comm'rs of the Orleans Levee District,* 294 F.3d 684 (5th Cir. 2002). Further, the Fifth Circuit has previously analyzed the Department of Public Safety and Correction's status as protected by the Eleventh Amendment from lawsuits brought in federal court. See, *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir. 1999). Thus, plaintiff's action against the Louisiana Department of Corrections is barred, and should be dismissed with prejudice.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against Global Expertise in Outsourcing and the Louisiana Department of Public Safety & Corrections be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following**

---

[3] The undersigned has issued a service of process order relative to plaintiff's claims against defendant Chris Wharton, thus those claims will remind pending at this time.

5

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of January, 2006.**

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE