RECEIVED
IN LAKE CHARLES, LA

MAR 14 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LLOYD HENRY PHILLIPS** | : | **DOCKET NO. 2:05-cv-926**<br>**Section P** |
| VS. | : | **JUDGE MINALDI** |
| **GLOBAL EXPERTISE IN OUTSOURCING, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## ORDER

Currently before the court are a "Motion for Recusal" [doc. 22] and a "Second Motion for Recusal" filed by *pro se* plaintiff, Lloyd Henry Phillips. By these motions, the plaintiff moves under 28 U.S.C. §§ 144[1] and 455[2] to have the assigned magistrate judge recused from the above-captioned matter. In support of these motions, the plaintiff has filed an affidavit of prejudice under 28 U.S.C. § 144 in which he complains that the magistrate judge denied his motion to amend and ordered that his amendment be stricken from the record. He also claims that the magistrate judge denied his motion for appointment of counsel and that he recommended dismissal of all of the defendants except Chris Wharton.

---

[1] Title 28 U.S.C. § 144 provides in pertinent part as follows:
  Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of the adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

[2] Title 28 U.S.C. §455 provides in pertinent part as follows:
  (a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

  (b) He shall also disqualify himself in the following circumstances:
    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

"Motions brought under 28 U.S.C. §§ 144 and 455 are substantively similar and both require recusal only for 'personal, extrajudicial bias.'" *In re Thomson*, 48 Fed.Appx. 918 (5th Cir. 2002), citing *United States v. MMR Corp.*, 954 F.2d 1040, 1045-46 (5th Cir. 1992). "Th[e] recusal standard is objective; the relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Telles v. City of El Paso*, 2006 WL 189938, *3 (5th Cir. 2006), quoting *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir.1999) (citation omitted); *see also Sao Paolo State of Federative Republic of Braz. v. Am. Tobacco, Co.*, 535 U.S. 229, 232-33, 122 S.Ct. 1290, 152 L.Ed.2d 346 (2002). "Adverse judicial rulings alone, however, do no support an allegation of bias under 28 U.S.C. § 455 or 144." *Maldonado v. Ashcroft*, 108 Fed.Appx. 221 (5th Cir. 2004).

Plaintiff has not alleged any facts which demonstrate any extrajudicial bias on the part of the magistrate judge. His motions for recusal are based solely on conclusory allegations of prejudice stemming from adverse rulings. This is not sufficient to require the recusal of the magistrate judge.

Accordingly,

IT IS ORDERED that the motions be DENIED.

Lake Charles, Louisiana, this 12 day of March, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2